UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS ANDREW CENSKE,

        Plaintiff,        Case No. 2:11-cv-119

v.        Honorable Gordon J. Quist

COUNTY OF MARQUETTE, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has paid the entire filing fee for a civil action. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants County of Marquette, Sheriff Michael Lovelace, Prosecutor Cheryl Hill, Sergeant Unknown "Red" Holman, Corporal Unknown Harrington, Retired Chief Judge John R. Weber, Chief Judge Thomas L. Solka, Corporal Jennifer Racine, Deputy Cheryl L. Oliver, Deputy Dave Sherwin, Deputy Al Hamill, Sergeant Marie S. Chartier, Administrator Art Lauren, Sergeant Brian Steede, Corporal Unknown "TJ" Mallett, Pathways Community Mental Health, Marquette County Board

of Commissioners, County Clerk Connie Brannum, and DHS Director Unknown Makitenik. The Court will serve the complaint against Defendant Captain Greg Gustafson.

**Discussion**

I.     Factual allegations

Plaintiff Thomas Andrew Censke, an inmate at the Federal Correctional Institution (FCI) in Otisville, New York, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants County of Marquette, Sheriff Michael Lovelace, Prosecutor Cheryl Hill, Captain Greg Gustafson, Sergeant Unknown "Red" Holman, Corporal Unknown Harrington, Retired Chief Judge John R. Weber, Chief Judge Thomas L. Solka, Corporal Jennifer Racine, Deputy Cheryl L. Oliver, Deputy Dave Sherwin, Deputy Al Hamill, Sergeant Marie S. Chartier, Administrator Art Lauren, Sergeant Brian Steede, Corporal Unknown "TJ" Mallett, Pathways Community Mental Health, Marquette County Board of Commissioners, County Clerk Connie Brannum, and DHS Director Unknown Makitenik.

In his complaint, Plaintiff claims "1) Discrimination & Mental Health Dissability [sic], Denial of Access, 2) Deliberate Indifference to Seriouse [sic] Medical Need of Mental Health, 3) Retaliation or Denied Access to Redress." Plaintiff further states that "[b]y failing to train or supervise, and establishing customs or policy of the aforesaid, Defendants are deemed liable." Plaintiff seeks damages.

Plaintiff states that while confined at the Marquette County Jail, Defendant Gustafson instructed deputies to keep Plaintiff restrained because of his mental illness. In addition, Defendant Lauren told the FBI that he was afraid of Plaintiff and aware of his mental illness. Plaintiff also claims that he was only allowed to attend chapel on three occasions over a period of about 20 months because of his mental illness. Plaintiff also claims that a variety of other prison services

were denied to him, but granted to other prisoners who were not mentally ill. Plaintiff states that he was denied photocopies, while mentally healthy inmates were allowed to receive photocopies. Plaintiff did not receive replies to written complaints sent to Defendants Hill or to other county officials. Nor was Plaintiff allowed to have law books in his cell overnight. Plaintiff alleges that his books were confiscated and when he requested them at 5 a.m., he was told to send a kite, but that the kites would routinely not be picked up by jail officials. Plaintiff asserts that inmate Lex Harris had a Federal Criminal Rule book, identical to Plaintiff's, which was never confiscated, even when Plaintiff brought it to the attention of deputies. Plaintiff was not allowed pens or erasers, and pencils were only sharpened one time per day. In addition, Plaintiff was indigent and was only given one tablet of paper per month. Plaintiff contends that the jail did not have a policy for handling oversized legal mail, so that such mail was not sent out in a timely manner. Plaintiff states that some of his mail was delayed, and that a jailhouse lawyer's guide to filing claims was withheld from Plaintiff for a period of 6 months. Plaintiff asserts that Defendant Holman, United States Marshal Mike Shelly, and FBI Agent Morris interfered with the filing of *Censke v. Lauren*, 2:08-cv-269, by confiscating the complaint. However, a review of this court's electronic docketing system shows that *Censke v. Lauren*, 2:08-cv-269 was filed in this court on November 5, 2008, and was dismissed as failing to state a claim on January 9, 2009. Plaintiff believes that a discriminatory and retaliatory custom or policy was enacted by Defendants due to his mental illness, which violated his right of access to the law.

    Plaintiff contends that although there is a grievance procedure, "at least 50% of the time," no formal grievance or reply were provided to him. Plaintiff alleges that in July of 2009, two "negro" inmates with assaultive criminal histories verbally attacked Plaintiff. Neither of these inmates was transferred as a result of their misconduct. Plaintiff claims that on at least one occasion,

deputies refused to give him his clean clothes, refused to provide underwear, and then issued him a misconduct for being found nude in his cell in front of female staff. Plaintiff states that he has been held naked, denied clothing, threatened with a taser, cuffed, isolated, and given misconducts. However, Plaintiff fails to specify the names of any Defendants responsible for these asserted violations.

Plaintiff further states that mental health services and treatments were denied to him, and that he was repeatedly denied telephone calls to receive mental health care. Plaintiff states that in September of 2008, he attempted to register to vote via Human Services, but that he was never registered.[1] Plaintiff states that he developed a skin rash after being placed in an isolation cell, because the cell had never been cleaned. However, Plaintiff fails to allege which, if any, of the named Defendants were responsible for these asserted violations.

Plaintiff claims that Defendant Chartier gave false reports to Defendant Weber at the direction of Defendant Gustafson, which caused Plaintiff to receive a longer sentence than he would otherwise have received. Plaintiff also claims that he was assaulted by other prisoners, which resulted in serious injuries, and that this was due to the failure of Defendants to provide for a safe environment.

    II.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

---

[1]The court notes that MCL 168.758b provides that a person who has been legally convicted and sentenced for a crime for which the penalty imposed is confinement in jail or prison may not be permitted to vote. Plaintiff was imprisoned at the time he sought to vote and fails to allege any exceptions to the prohibition on voting.

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A careful review of Plaintiff's pleadings reveal that Plaintiff's claims are rambling and incoherent. Initially, the court notes that Plaintiff fails to allege that Defendants "County of

Marquette," Lovelace, Hill, Weber, Solka, Racine, Oliver, Sherwin, Hamill, Chartier, Lauren[2], Steede, Mallett, Pathways Community Mental Health, Marquette County Board of Commissioners, Brannum, and Makitenik were directly involved with the alleged violations. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must

---

[2] Defendant Lauren allegedly told the FBI that he was afraid of Plaintiff because of his mental illness. However, Plaintiff fails to allege that he suffered any violations as a result of this comment.

show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants "County of Marquette," Lovelace, Hill, Weber, Solka, Racine, Oliver, Sherwin, Hamill, Chartier, Lauren, Steede, Mallett, Pathways Community Mental Health, Marquette County Board of Commissioners, Brannum, and Makitenik were personally involved in the activity which forms the basis of his claim. The only roles that Defendants "County of Marquette," Lovelace, Hill, Weber, Solka, Racine, Oliver, Sherwin, Hamill, Chartier, Lauren, Steede, Mallett, Pathways Community Mental Health, Marquette County Board of Commissioners, Brannum, and Makitenik had in this action involve the denial of administrative grievances or the failure to act. Defendants "County of Marquette," Lovelace, Hill, Weber, Solka, Racine, Oliver, Sherwin, Hamill, Chartier, Lauren, Steede, Mallett, Pathways Community Mental Health, Marquette County Board of Commissioners, Brannum, and Makitenik cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, the Court concludes that Plaintiff's claims against Defendants "County of Marquette," Lovelace, Hill, Weber, Solka, Racine, Oliver, Sherwin, Hamill, Chartier, Lauren,

Steede, Mallett, Pathways Community Mental Health, Marquette County Board of Commissioners, Brannum, and Makitenik are properly dismissed for lack of personal involvement.

Plaintiff claims that Defendant Holman confiscated a complaint, which was eventually filed as Case Number 2:08-cv-269, in this court. However, as noted above, *Censke v. Lauren*, 2:08-cv-269 was reviewed on the merits and was dismissed on January 9, 2009, as failing to state a claim. Therefore, it does not appear as if Plaintiff was prejudiced by Defendant Holman's conduct.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. Mar. 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. Mar. 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that the alleged misconduct caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how

he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993).

Because Plaintiff has not alleged that he suffered an actual injury to pending or contemplated litigation, his access to courts claim against Defendant Holman is properly dismissed. *Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001)(citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

With regard to Plaintiff's claims that Defendants' conduct affected his sentence, such a claim implicates the fact or duration of his confinement and must be raised either on direct appeal, or in the course of a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Plaintiff's failure to protect claim is likewise without merit as Plaintiff has failed to allege any specific facts showing that Defendants were deliberately indifferent to a known risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir.1990); *McGhee v. Foltz*, 852 F.2d 876, 880-881 (6th Cir.1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242-43 (6th Cir.1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

Finally, Plaintiff claims that Defendant Gustafson ordered Plaintiff be placed in shackles and belly chains during even routine out of cell activities because of his mental illness, while other violent offenders were allowed to be out of their cells unrestrained. Plaintiff also claims

that he was not allowed to attend social and religious activities, solely on the basis of his mental illness. The court concludes that this claim is not clearly frivolous and may not be dismissed upon initial review.

However, the court notes that Plaintiff's claim that other named Defendants are responsible for promulgating a policy of discriminating against the mentally ill is entirely conclusory. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Because Plaintiff failed to specifically allege any facts showing that any of the other named Defendants were responsible for a policy of discrimination against the mentally ill, these claims are properly dismissed.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants "County of Marquette," Lovelace, Hill, Weber, Solka, Racine, Oliver, Sherwin, Hamill, Chartier, Lauren, Steede, Mallett, Pathways Community Mental Health, Marquette County Board of Commissioners, Brannum, Holman, and Makitenik will be dismissed

for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Gustafson.

An Order consistent with this Opinion will be entered.


Dated:  July 26, 2011              /s/ Gordon J. Quist             
                                   GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE