UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS ANDREW CENSKE,

    Plaintiff,

v().

    Case No. 2:11-cv-119
    HON. GORDON J. QUIST

COUNTY OF MARQUETTE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a Motion for Protective Order and/or Preliminary Injunction. Plaintiff maintains that the Court has ordered the return of plaintiff to the Marquette County Jail for purposes of sentencing in the case of *United States v. Censke*, No. 2:08-cr-19. Plaintiff maintains that the policies and customs of the Marquette County Jail established a pattern of discrimination against plaintiff by unconstitutionally isolating and restraining plaintiff and denying plaintiff access to services due to his mental illness. Plaintiff fears that he will suffer irreparable harm if he is returned to the Marquette County Jail and subjected to the same conditions.

The remaining defendant in this case, Captain Gregg Gustafson, has filed a response to plaintiff's motion, in which he states:

> Defendant is informed that the plaintiff will be returned to the Marquette area for resentencing at some time in the next few weeks. He will not, however, be housed in the Marquette County Jail. . . . [T]he Marquette County Sheriff's Department will be communicating to the U.S. Marshal's Service that alternative housing should be found for Mr. Censke while he is in Marquette, while this litigation is pending.

Docket #26 at 1.

It has been established that plaintiff will not be housed at the Marquette County Jail upon his return to Marquette for sentencing. Accordingly, his request for a preliminary injunction is moot. It is therefore recommended that plaintiff's Motion for Protective Order and/or Preliminary Injunction (Docket #25) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   March 8, 2012