UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS CENSKE,

    Plaintiff,

v.

COUNTY OF MARQUETTE, et al.,

    Defendants.
_____/

Case No. 2:11-CV-119

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

On April 25, 2013, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation (R & R) (docket no. 68) recommending that this Court grant Defendant Gregg Gustafson's motion for summary judgment. Both Censke and Gustafson have filed timely Objections to the R & R (docket nos. 69 & 70). When a party properly objects to any part of a magistrate judge's proposed disposition, this Court must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, the Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

### I. Censke's Objections

Censke makes three objections to the R & R. First, he objects that qualified immunity is not an available defense to Americans with Disabilities Act (ADA) or Rehabilitation Act (RA) claims. Second, he argues that the R & R failed to address his failure to accommodate claim. Third, he argues that the R & R failed to toll the statute of limitations on the basis of his mental illness.

In the R & R, the magistrate judge concluded that because Gustafson did not violate the ADA or RA, Gustafson is entitled to qualified immunity. Censke first objects that qualified immunity is not available to Gustafson as a defense. "However, [the Sixth Circuit], as well as a number of [its] sister Circuits, have granted state employees qualified immunity against ADA and

Rehabilitation Act claims." *Bartell v. Lohiser*, 215 F.3d 550, 555 & n.1 (6th Cir. 2000) (citing, for example, *Stigall v. Lewis*, No. 97-5301, 1999 WL 183392, at *2 (6th Cir. Mar. 16, 1999)). "Accordingly, [a plaintiff's] claim that qualified immunity is not available for ADA and Rehabilitation Act claims is without merit." *Id.* Therefore, the Court will overrule Censke's first objection.

Second, Censke objects that the R & R failed to address his failure to accommodate claim. This argument also lacks merit. The magistrate judge decided the case on the basis of qualified immunity, so Censke's objection, standing alone, would not warrant denial of the summary judgment motion unless Censke can otherwise show that Gustafson violated the ADA or RA. The basis of Censke's claim is that he was "regarded as" disabled (R & R, docket no. 68, Page ID 530). *See* 42 U.S.C. § 12102(3)(A). An entity covered by the ADA is "not required to provide a reasonable accommodation to an individual who meets the definition of disability solely under the 'regarded as' prong" of the definition of a disability. 29 C.F.R. § 1630.2(o)(4). Thus, Gustafson was not required to accommodate Censke. The Court will overrule Censke's objection.

Finally, Censke argues that the R & R erred because it did not toll the statute of limitations on the basis of his "mental illness" (docket no. 70, Page ID 553). Censke's ADA claim is subject to the three-year statute of limitations for general personal injury actions in Michigan. *See, e.g.*, *Fox v. Mich. Dep't of Corrs.*, No. 08-CV-14410, 2010 WL 726517, at *3 (E.D. Mich. Feb. 24, 2010) (citing *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam)); *Lewis v. Fayette Cnty. Det. Ctr.*, No. 99-5538, 2000 WL 556132, at *2 (6th Cir. Apr. 28, 2000) ("[C]ourts faced with ADA or Rehabilitation Act claims have also looked to the state's statute of limitations for personal injury actions."). Where, as here, a federal court "borrows" a state statute of limitations, state law also governs questions of tolling. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484, 100 S. Ct. 1790, 1795 (1980); *see also Wosniak v. Henderson*, No. 99-1916, 2000 WL 1434698, at *3 (6th Cir. Sept. 19,

2

2000) (per curiam). Michigan Compiled Laws § 600.5851 governs tolling due to incapacity. It states in pertinent part,

> [I]f the person first entitled to ... bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to ... bring the action although the period of limitations has run.

Mich. Comp. Laws § 600.5851(1). The statute defines "insane" as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane." *Id.* § 600.5851(2). "To be considered a disability, the infancy or insanity must exist at the time the claim accrues. If the disability comes into existence after the claim has accrued, a court shall not recognize a disability under this section for the purpose of modifying the period of limitations." *Id.* § 600.5851(3).

In this case, Censke alleges that the magistrate judge should not have applied the statute of limitations to limit Censke's claims to those that arose in Marquette County Jail in 2008 and 2009. To the extent that Censke's claims accrued prior to 2008, Censke's own pattern of filing and actively litigating lawsuits in this district belies his argument that he was mentally incompetent for purposes of the statute of limitations. The definition of "insane" under Michigan law turns on whether a mental condition "prevent[s] the sufferer from comprehending rights he or she is otherwise bound to know." Here, Censke's active litigation before this district shows that Censke was not unable to file a claim within the applicable three-year statute of limitations period.[1] Thus, there is no indication that Censke was unable to effectively pursue his legal remedies, and he has not made the required showing for equitable tolling. The Court will overrule his objection.

---

[1] *See, e.g.*, Censke v. Mich. Dep't Corrs., 1:04-cv-751 (2004); Censke v. United States Dep't of Justice, 1:04-cv-804 (2004); Censke v. McKee, 1:05-cv-141 (2005); Censke v. United States Dep't of Justice, 1:06-cv-23 (2006); Censke v. Mich. Dep't Corrs., 1:07-cv-201 (2007); Censke v. Smith, 1:07-cv-691 (2007).

## II. Gustafson's Objection

Defendant Gustafson also objects to the R & R. His sole argument is that the R & R should have addressed the question of whether the ADA applies to claims by inmates in state correctional facilities. In support of his motion for summary judgment, Gustafson argued that the ADA does not apply to inmates in state prisons. Recommending that Gustafson's motion for summary judgment be granted on the issue of qualified immunity, the magistrate judge did not address the issue of the ADA's application. Gustafson now requests that this Court address the issue. Because the Court need not reach the issue to decide the instant motion—Gustafson's motion for summary judgment—the Court declines to address the issue. *See, e.g.*, *Kalitta Air, LLC v. GSBD & Assocs.*, LLC, No. 12-cv-12554, 2013 WL 3271820, at *3 (E.D. Mich. June 27, 2013) ("The Court need not address all of Cree's arguments because the first . . . persuasively disposes of the RICO claim.").

Seeing no other objections, the Court will adopt the R & R. Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (docket no. 68) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the Report and Recommendation (docket no. 70) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Objection to the Report and Recommendation (docket no. 69) is **OVERRULED**.

This case is concluded. A separate judgment shall issue.

Dated: August 20, 2013 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE